D. G. DUKE et al., Appellants,

v.

Dick CALFEE et al., Appellees.

No. 7731.

Court of Civil Appeals of Texas, Beaumont.

Jan. 22, 1976.

Rehearing Denied Feb. 19, 1976.

John W. Overton, Houston, for appellants.

George B. Darden, Conroe, Rex G. Fortenberry, Beaumont, for appellees.

STEPHENSON, Justice.

On Motion for Rehearing, the opinion of this court handed down December 31, 1975, is withdrawn and the following opinion is substituted.

This is an action brought in trespass to try title to recover 27.5 acres of land in Montgomery County. Trial was before the court and judgment was rendered that plaintiffs take nothing and that defendant, Dick Calfee, recover title and possession of the land in question on his cross action brought under the 10- and 25-year Statute of Limitations. The parties will be referred to here as they were in the trial court.

Plaintiffs, Delgie G. Duke, and wife, Clemmer Duke, and others, filed formal pleadings in trespass to try title. Dick Calfee, and others, were named as defendants, but only Dick Calfee was given a judgment, on the basis set forth above. After careful consideration of the record before us, we have come to the conclusion that the primary question to be determined is whether plaintiffs proved that defendant Dick Calfee had title to the land in question, along with plaintiffs, as tenants-in-common.

The basis for contending plaintiffs and defendant Dick Calfee are tenants-in-common is outlined as follows:

1. By Judgment of the District Court of Montgomery County, dated October 7, 1935, plaintiff W. L. Spiller recovered title by limitation to certain tracts of land, and defendants (heirs of J. H. Duke) recovered title to the 27.5 acre tract of land which is the subject of the suit before us. H. C. Calfee and Delphia Calfee were named as two of the defendants in that judgment.

2. It is stipulated: That Delphia Calfee was the daughter of J. H. Duke. That J. H. Duke died intestate March 31, 1930. That defendant Dick Calfee was the son of Delphia Calfee and H. C. Calfee. That Delphia Calfee died December 15, 1949, leaving everything by will to her husband, H. C. Calfee. That H. C. Calfee died November 15, 1956, leaving everything by will to his son, defendant Dick Calfee.

3. The stipulation also shows that plaintiffs are also heirs of J. H. Duke, some being parties named as defendants in the Spiller-Duke Judgment mentioned above, and others being heirs of other parties named as defendants in such Judgment. It is therefore argued by plaintiffs that the Judgment mentioned is the common source of title between plaintiffs and defendant Dick Calfee and that they are all tenants-in-common.

Defendant Dick Calfee argues first that he is not a tenant-in-common with plaintiffs, because he is claiming under a deed. Our record shows he purchased a larger tract of land by deed dated July 13, 1946, from R. E. Watson and others. That deed describes the land conveyed by metes and bounds and has a recital that the tract contains 226 acres, more or less. He had the land surveyed before this trial, and his surveyor testified that the metes and bounds description did not include the tract of land involved in this suit. Such testimony shows the land in controversy is adjacent to the land conveyed in that deed, and also that both tracts of land are under the same fence.

Defendant Dick Calfee does not contend the description in his deed is ambiguous, or uncertain in any respect. The fact that it is referred to in the deed as the "Moorefield Homestead" cannot be used to enlarge upon the particular description used in the deed. See *Southern Pine Lumber Company v. Hart,* 161 Tex. 357, 340 S.W.2d 775 (1960). See also, *Gibson v. Watson,* 315 S.W.2d 48 (Tex.Civ.App., Texarkana 1958, writ ref'd n. r. e.), and *Lawyers Title Insur-*

ance *Corporation v. McKee,* 354 S.W.2d 401 (Tex.Civ.App., Fort Worth 1962, no writ). It is settled law in this state that a particular description controls a general description. The deed under which defendant Dick Calfee asserts his claims does not convey to him the record title to the land in question.

■ Defendant Dick Calfee also contends that although the metes and bounds description may not have included the 27.5 acres in dispute, that the Judgment of the trial court is correct because he acquired title under the 10- and 25-year Statute of Limitations. After a careful consideration of the record from this standpoint, we have concluded the evidence supports the Judgment of the trial court in its finding under the 10-year Statute, after his father's death, only if plaintiffs and defendant Dick Calfee are *not* tenants-in-common. All of the elements of peaceable adverse possession after his father's death are present that are necessary under the 10-year Statute to mature title by limitation, except as against a co-tenant. The 25-year Statute is not applicable because the 27.5 acres in dispute here are not described in the deed under which defendant Dick Calfee claims.

■ As to the 10-year Statute of Limitations, there is no evidence in this record that plaintiffs had actual knowledge that defendant Dick Calfee was claiming adversely to them. Such claim would not become adverse unless Dick Calfee's acts in the assertion of adverse claim were of such unequivocal notoriety as to charge plaintiffs with notice. An excellent statement of the rule is set forth in *Poenisch v. Quarnstrom,* 361 S.W.2d 367 at 369 (Tex. 1962); it quotes from *Phillipson v. Flynn,* 83 Tex. 580, 19 S.W. 136 (1892), and reaffirmed in *Southern Pine Lumber Company v. Hart,* supra, as follows:

" 'The possession of a co-tenant or tenant in common will be presumed to be in right of the common title. He will not be permitted to claim the protection of the statute of limitations unless it clearly appears that he has repudiated the title of his co-tenant and is holding adversely to it. Possession and payment of taxes on the property do not constitute the assertion of an adverse right. There must be something more. *Alexander v. Kennedy,* 19 Tex. 488, 496. The acts relied upon by the tenants in common in showing an ouster of his co-tenants, and the assertion of an adverse claim, should be more certain and unequivocal in character than would be necessary in ordinary cases where there is no privity of estate between the parties claiming the property. And in order to affect the co-tenants with this adverse holding, notice of such fact must be brought home to them, either by information to that effect, given by the tenant in common asserting the adverse right, or by such acts of unequivocal notoriety in the assertion of such adverse and hostile claim that they will be presumed to have notice of such adverse right. *Moody v. Butler,* 63 Tex. 210; Wood, Lim. Act. § 266.' "

The evidence in this case shows the following: After receiving his deed in July, 1946, defendant Dick Calfee went into possession of the entire tract under fence, which included the 27.5 acres in question. In order to get to this part of the land under fence, it is necessary to enter at a gate located near Dick Calfee's house and to then proceed down a gravel road built and maintained by Dick Calfee. The land in question has been used continuously by Dick Calfee either as a hay meadow or a cattle pasture. The hay meadow has been terraced and fertilized regularly. Dick Calfee constructed a trench silo on part of the land and a dam for a stock pond on another part. Dick Calfee cut and sold timber, cut out underbrush and brush-hogged a part of this land. Dick Calfee testified that he thought he had purchased and received a deed covering the land in question along with the Moorefield place, and he claimed everything under fence.

■ As stated above, all of this evidence would support the court's finding under the

842

10-year Statute of Limitations after his father's death, but *only* if the parties were *not* tenants-in-common. It is well recognized law that a co-tenant is entitled to possession, and the acts of Dick Calfee are susceptible to explanation consistent with the existence of a common title. See *Southern Pine Lumber Company, supra;* and, *Kirby Lumber Co. v. Temple Lumber Co.*, 125 Tex. 284, 83 S.W.2d 638 (1935).

Dick Calfee is in the unique position in this case of now contending that he acquired title to the 27.5 acres in question under the 10-year Statute of Limitations before his father died, and he became a tenant-in-common. As stated above, Dick Calfee got a deed to the larger tract of land in July 1946, and took possession of the larger tract along with this 27.5 acres under the mistaken belief that the description in his deed included everything under fence. However, the evidence shows without question that Dick Calfee lived with his mother (who died December 15, 1949) and his father (who died November 15, 1956) on another tract of land. Dick Calfee testified unequivocally that he did not claim the 27.5 acres in question against his mother and father while they were living. From the date of the judgment mentioned above, 1935, until their deaths, this mother and father were the tenants-in-common, and upon the father's death, Dick Calfee became a tenant-in-common. Consequently, Dick Calfee's claim was not "adverse" under the 10-year statute during the lifetime of his parents.

The judgment of the trial court is reversed and this case is remanded to the trial court to enter judgment for plaintiffs and defendants in accordance with their respective interests as heirs of J. H. Duke.

REVERSED and REMANDED.